UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT HOUGHTION                         CIVIL ACTION

VERSUS                                   NUMBER: 08-5063

BURL CAIN, WARDEN                        SECTION: "B"(6)

## ORDER AND REASONS

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation, Record Document Number 33, is **ADOPTED** as the opinion of the Court; Petitioner's objections to same, Record Document Number 34, are **OVERRULED**; and the captioned petition for § 2254 habeas relief is **DISMISSED.**

### I. Procedural History

Petitioner was convicted in Orleans Parish Criminal District Court on August 21, 1991 on several counts of kidnaping, armed robbery, aggravated rape, and aggravated crimes against nature. (Rec. Doc. 33 at 5). On September 6, 1991, Petitioner was sentenced to serve concurrent life sentences without the benefit of parole for aggravated kidnaping; ninety-nine years in prison without the benefit of parole for armed robbery; life imprisonment without the benefit of parole for aggravated rape; fifteen years in prison for aggravated crime against nature without the possibility of parole. (Rec. Doc. 33 at 5-6).

On direct appeal the Louisiana Fourth Circuit affirmed Petitioner's convictions, finding no merit to his claim that the trial court erred in allowing the prosecutor to impeach a character witness with evidence of the Petitioner's prior arrest. (Rec. Doc. 33 at 6-7). The Louisiana Supreme Court affirmed the opinion of the Louisiana Fourth Circuit without reasons. (Rec. Doc. 33 at 7). Petitioner's conviction became final ninety days later when he did not file a writ application to the United States Supreme Court. (Rec. Doc. 33 at 7).

On September 25, 1996, Petitioner submitted an application for post-conviction relief in Louisiana state court claiming he received ineffective assistance of counsel at trial because his lawyer (1) failed to object to the evidence of other crimes used to impeach the character witness; (2) failed to move for a severance of the offenses; and (3) failed to object to the DNA testimony from Dr. Sudhir Sinha. (Rec. Doc. 33 at 7).

After being ruled as untimely, and then reversed and remanded by the Louisiana Fourth Circuit, the state trial court denied Petitioner's application for post-conviction relief as meritless on June 29, 2000, allowing him leave to file an amended application. (Rec. Doc. 33 at 8-9). On September 22, 2000, Petitioner filed an amended application alleging, in addition to his ineffective assistance of counsel claim, that (1) the grand jury indictment was deficient because it did not allege the elements of the crimes; (2)

there was insufficient evidence to support the crime against nature charge; and (3) he was entitled to have counsel present at his pre-trial lineup.  (Rec. Doc. 33 at 9).  The Louisiana Fourth Circuit denied his supplemental claims stating he was not entitled to relief and the Lousiana Supreme Court affirmed without reasons.  (Rec. Doc. 9-10).

Petitioner filed this federal *habeas corpus* petition on December 3, 2008 alleging: (1) counsel was ineffective for failing to (a) object to the prosecution's reference to prior crimes when impeaching a character witness, (b) move to severance of the offenses, (c) and object to the DNA testimony of Dr. Sinha; (2) the grand jury indictment was insufficient as it failed to allege the elements of the crimes charged; (3) the evidence was insufficient to support a the conviction for crime against nature; and (4) he was entitled to have an attorney present at the lineup.  (Rec. Doc. 33 at 10).  Magistrate Judge Wilkinson reviewed these claims by Petitioner and ruled the claims were meritless and dismissed with prejudice.  (Rec. Doc. 33).

Petitioner objects to Magistrate Judge Wilkinson's Report and Recommendation arguing: (1) Magistrate Judge erred in finding Respondent timely and satisfactorily responded to his order to provide an answer addressing the claims of Petitioner before April 14; (2) Magistrate Judge has deprived Petitioner of due process by refusing him an opportunity to file an answer within fifteen days

of the February 4, 2011 order in violation of the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution; (3) Magistrate Judge erred in using transcripts and trial sentencing documents of co-defendant Ronald Dickens and using pre-trial hearing to adjudicate the instant claims; (4) Magistrate Judge erred in using trial court minutes to adjudicate factual claims that cannot be answered since the record was destroyed and is unavailable; (5) Magistrate Judge erred by allowing the severely redacted summarization of the facts from the appellate opinion, and omitting relevant parts of the summarization of facts drawn from the Louisiana Fourth Circuit Court of Appeals; (6) Magistrate Judge erred in applying the *Strickland v. Washington* standard for ineffective assistance of counsel; (7) Magistrate Judge erred in finding sufficiency of evidence to support the crime against nature charge; and (8) Magistrate Judge erred in holding Petitioner was not deprived of assistance of counsel during the pre-trial lineup. (Rec. Doc. 34 at 3).

## II. Law and Analysis

Petitioner's claim for *habeas corpus* relief is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. §2254. Under Section 2254(d)(1) of AEDPA, mixed questions of law and fact are given deference to a state court's ruling unless it was "contrary to, or involved and unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1).   A state court ruling is contrary to federal law if its conclusion is opposite that of the Supreme Court on a question of law or if it decides a case differently than the Supreme Court on a "set of materially indistinguishable facts." *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).   A state court decision will usually be deemed correct unless that decision was "based on an unreasonable determination of the facts in light of the evidence presented in State court proceedings." 28 U.S.C. §2254(d)(2).   A federal court may not grant a writ of *habeas corpus* because it independently decides independently that a state court incorrectly applied Supreme Court precedent. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002).   The petitioner carries the burden of proving that the state court applied the facts to Supreme Court precedent in an objectively unreasonable manner.   *Price v. Vincent*, 538 U.S. 634, 641 (2003); *Neal*, 286 F.3d at 246.

On March 16, 2011, Magistrate Judge Wilkinson granted Respondents an extension to file an Answer until April 14, 2011 addressing the merits of Petitioner's claim.  (Rec. Doc. 23 at 1). Further, Petitioner was granted until April 28, 2011 to file a reply memorandum to Respondent's answers.  (Rec. Doc. 23 at 1). Respondent timely filed its response to Petitioner's request for

habeas corpus relief on April 14, 2011 in compliance with the Magistrate Judge's orders and addressed each of Petitioner's claims.  (Rec. Doc. 29 at 1-28). The Magistrate Judge ruled that Respondent's answers were timely and sufficient.  This court finds factual support for that ruling from the noted record.

Petitioner was able to file a supplemental response to Respondent's arguments, choosing to strike Respondent's answers as untimely.  (Rec. Doc. 30).  The court denied Petitioner's strike request as frivolous, finding that Respondent's answers were timely as previously decided.  (Rec. Doc. 31).

Petitioner argues the Magistrate Judge erred in using portions from co-defendant Ronald Dickens' trial transcripts as well as pre-trial procedures when deciding the merits of Petitioner's petition for habeas corpus relief.  (Rec. Doc. 34 at 3).  This claim is meritless as the Magistrate Judge only referred to witness testimony that directly related to Petitioner.[1]  (Rec. Doc. 33 at 37-38).  Further, Petitioner has failed to argue in which instances the Magistrate Judge erroneously used portions of Dickens' trial transcripts and how the use of these transcripts are a violation of his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments.  (Rec. Doc. 34 at 8-10).

_____

[1]The witness at Dickens' trial testified that "Hougtion remained next to the car with, with the gun in hand, while Dickens raped her and forced her perform fellatio on him."  (Rec. Doc. 33 at 37-38).  These facts are consistent with the opinion of the Louisiana Fourth Circuit.  (Rec. Doc. 33 at 37-38).

-6-

Petitioner claims that the Magistrate Judge erred in referring to the trial record and the facts recited in the Louisiana Fourth Circuit's opinion. *See* (Rec. Doc. 15 at 1) ("The State's response to my order notes that a narrative summary of the evidence presented at trial is contained in one of the state court opinions. This summary may be sufficient for this court's purposes."). The Magistrate Judge also provided that the parties may still continue to search for the transcripts. (Rec. Doc. 15 at 2). We find that the Louisiana Fourth Circuit's summary of the facts was based upon a sufficient trial record at the time; there is no material error of fact or law shown here.

The Magistrate Judge quoted the first nine paragraphs of the "Facts" section of the Louisiana Fourth Circuit opinion and in these paragraphs the court described in detail each of the crimes committed by Petitioner and Dickens. *State v. Houghton*, 619 So. 2d 765, 766-67 (La. App. 4 Cir. 5/27/93); (Rec. Doc. 33 at 2-4). The Magistrate Judge did not include the last five paragraphs of the Louisiana Fourth Circuit's opinion in which the court described a friend of Petitioner and Dickens riding in the car the day after the red Toyota was stolen. *Id*. at 768. Petitioner omits in his objection that the Louisiana Fourth Circuit stated:

> After going to Popeye's to get chicken for defendant, the trio parked the car at Dante and Spruce Streets and walked to the home of defendant's girlfriend at 1829-31 Cambronne. While there, defendant asked Dickens if he wanted the gun, a chrome .38 revolver, which

> LaVigne handled.  At approximately 10:30 p.m.,
> they left to go get the red Toyota which was
> when they saw Lorenzo and Garibaldi.

*Id.*   Even when including the facts omitted in the Report and Recommendation, and the facts omitted by Petitioner, the Magistrate Judge did not commit reversible error.  The narrative summary of trial evidence, contained in the state court opinions, are sufficiently consistent and reliable for adequate review of this § 2254 action.   Rule 5(c) of the Federal Rules Governing Habeas Corpus Proceedings; Rec. Doc. 14; Rec. Doc. 15.

Petitioner further argues that the use of the "skeleton state record" was highly prejudicial, and therefore erroneous.  (Rec. Doc. 34 at 14).  This claim is without merit as the Magistrate Judge correctly ruled on the sufficiency of the Louisiana Fourth Circuit opinion and only referenced the facts in that opinion. (Rec. Doc. 15 at 1).  As noted earlier, the Magistrate Judge required Respondent's counsel to continue efforts to locate the remainder of the missing  transcript, providing Petitioner further time to respond to any submissions in that regards by Respondent. That portion of the transcript thusly produced, the narrative, the state court's recitation of facts, and Petitioner's own supplemental responses to same, constituted an adequate record for review here.

Petitioner argues he was denied the effective assistance of counsel on three grounds: (1) counsel's failure to object to the prosecution's use of prior arrests; (2) counsel's failure to move for severance of the offenses; and (3) counsel's failure to object to the DNA evidence and expert testimony of Dr. Sinha. (Rec. Doc. 34 at 14-24). For Petitioner to be granted relief for ineffective assistance of counsel he must first show that counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order for counsel's performance to be deemed deficient, counsel must have made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* Second, Petitioner must prove that the deficient performance prejudiced the defense. *Id.* This second prong requires Petitioner to prove that counsel's errors were so serious as to deprive him of a fair trial. *Id.* If Petitioner is unable to meet either prong of the test the court is not required to consider the other prong. *Morin v. Thaler*, 374 F. Appx. 545, 553 (5th Cir. 2010).

With respect to the first prong, the proper standard for judging counsel is that of reasonably effective assistance. *Strickland*, 466 U.S. at 687. The judicial scrutiny of attorney performance must be highly deferential and include a strong presumption that the conduct falls within the range of reasonably professional assistance. *Id*. at 688. With respect to the second prong, *Strickland* requires that Petitioner affirmatively prove

prejudice.  *Id.* at 693.   There must be a showing that the attorney's errors had some conceivable effect on the case, as virtually every act or omission would meet that requirement, but also a showing that the errors undermined the reliability of the proceeding.  *Id.*

A failure to object is held to the same standard set forth in *Strickland*, requiring counsel's failure to object must be shown to have a prejudicial effect on the trial rendering it fundamentally unfair.  *Morin*, 545 F. Appx. at 553; *United States v. Rusimisel*, 716 F.2d 301, 305 (5th Cir. 1983).

Petitioner incorrectly applies Louisiana Code of Evidence 404, which states:

> (A) Evidence of a person's character or a trait of his character, such as moral quality, is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
>
> (1) Evidence of a pertinent trait of his character, such as moral quality, offered by an accused, *or by the prosecution to rebut the character evidence*; provided that such evidence shall be restricted to showing those moral qualities pertinent to the crime with which he is charged, and that character evidence cannot destroy conclusive evidence of guilt.

L.S.A. C.E. 404(A)(1) (emphasis added).

In *State v. Taylor*, the Louisiana Fifth Circuit held that the introduction of "good character" evidence places character at issue allowing the state to cross-examine a witness about his or her

knowledge of the defendant's conduct. *State v. Taylor*, 985 So. 2d 266, 269 (La. App. 5 Cir. 4/29/08). In *Taylor*, the defendant's aunt was called as a character witness and impeached on cross-examination regarding her knowledge of her nephew's probation status. *Id.* The court further held that defense counsel's failure to object to the prosecution's questioning was not in error as the trial judge reminded counsel that the questions would "open the door" for past acts. *Id.*

Similarly, in *State v. Bagley*, the Louisiana Supreme Court held when a defendant chooses to place his character at issue by offering evidence of his good character, the State is permitted to rebut by offering evidence of bad character. *State v. Bagley*, 378 So. 2d 1356, 1358 (La. 1979). The cross-examination of such a witness may extend to his knowledge of particular misconduct, prior arrests, or other acts relevant to the crime charged. *Id*.

The testimony at issue in this case is similar to the testimony from both *Bagley* and *Taylor*. The prosecution's questions regarding the witness' knowledge of Petitioner's past conduct was permissible for impeachment purposes as Petitioner put his character at issue. (Rec. Doc. 33 at 22).

In this instance, Petitioner's counsel's performance was not deficient as the prosecution's impeachment of the witness was allowed under La. C.E. 404(A)(1). *See Strickland*, 466 U.S. at 687. Since counsel's performance was not deficient, it is not necessary

to examine whether the failure to object prejudiced Petitioner. *Id.*

Petitioner next argues that his counsel was ineffective for failing to move for a severance of his offenses as he would not have been convicted of crimes against nature. (Rec. Doc. 34 at 19). Petitioner has not shown that his counsel's performance fell below constitutional standards in this case. Petitioner does not argue why severance of his claims are proper under Louisiana law, but merely asserts that allowing the offenses to be tried together resulted in the jury being confused and there was no evidence that he committed the crime. (Rec. Doc. 34 at 19). Further, counsel for Dickens made an identical motion and the court ruled the offenses could be tried together and extended that ruling to all parties. (Rec. Doc. 33 at 26); *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("[C]ounsel is not required to make futile motions or objections).

Because Petitioner's counsel moving for a severance of the offenses would have been futile, his counsel's assistance was not deficient and did not fall below constitutional standards. *See Morin*, 374 F.App'x at 554. Because Petitioner did not show that counsel's performance was deficient, the court does not need to decide whether it was prejudicial.

Petitioner challenges the method in which Dr. Sinha conducted DNA tests and alleges that the statistics were manipulated to

confuse the jury. (Rec. Doc. 34 at 19). Petitioner also argues more advanced techniques were available to conclusively include or exclude him from being the donor, and is entitled to additional testing to exonerate him from his convictions. (Rec. Doc. 34 at 19).

The Fifth Circuit recently held in *Garcia v. Castillo* that Petitioner must provide a reasonable likelihood that the results of another DNA test would be more accurate and more probative than the previous test. *Garcia v. Castillo*, No. 11-70020, 2011 WL 2623580 at *2. The court in *Garcia* also held that Petitioner must prove: (1) the unaltered evidence is available for testing; (2) identity was at issue in the case; (3) there is a greater than fifty percent chance that the defendant would not have been convicted if DNA testing provided exculpatory results; and (4) the motion is not made to delay the execution of a sentence. *Id.*

Here, Petitioner argues he was one of 24,023 people who could have possibly been the perpetrator of this crime. But, he does not address any of the elements discussed by the Fifth Circuit, nor do we find any of those elements present here. (Rec. Doc. 34 at 19).

Because Petitioner does not meet the standard set by the Fifth Circuit, nor does he allege any reason his counsel should have objected to the DNA evidence, Petitioner offers no proof of how his counsel's performance was deficient and the court need not address the second *Strickland* prong.

Movant's next argument is that the Magistrate Judge erred in finding sufficient evidence to support a charge of a Crime Against Nature due to a lack of evidence at trial. (Rec. Doc. 34 at 24). In order to find there was insufficient evidence to convict, Petitioner must show that a rational trier of fact would not have found guilt beyond a reasonable doubt in this case. *Jackson v. Virginia*, 443 U.S. 307, 312-13 (1979); *U.S. v. Lopez*, 74 F.3d 575, 577 (5th Cir. 1996).

The role of this court is not to substitute its independent judgment for that of the jury, as it is the exclusive province of the jury to weigh evidence and assign credibility to witnesses. *United States v. Young*, 107 F. App'x 442, 443 (5th Cir. 2005). *Jackson* further provides that "once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light more favorable to the prosecution." *Jackson*, 443 U.S. at 319.

In the present case, viewing the evidence in the light most favorable to the prosecution, the evidence was sufficient to support Petitioner's conviction of a crime against nature. *Id.* In order for Petitioner to have been convicted of a crime against nature, it was not required that he actually commit the act, but only that he "aid(ed) and abet(ted) in its commission, or directly or indirectly counsel or procure another to commit the crime." La.

-14-

Rev. Stat. Ann. §14:24.   Based on the facts from trial, the evidence established that Petitioner aided and abetted Dickens in forcing one of the victims to perform fellatio on Dickens.   (Rec. Doc. 33 at 38).

Petitioner's argues the Magistrate Judge erred in finding that he was not entitled to have counsel present at his pre-trial lineup in violation of the Sixth Amendment.  (Rec. Doc. 34 at 25).  The Supreme Court has held that a defendant is entitled to have counsel present after the commencement of formal proceedings in an adversarial nature.  *Gilbert v. California*, 388 U.S. 263, 272 (1967) (holding that a post-indictment lineup is a critical stage where a defendant is entitled to counsel).  In *Kirby v. Illinois*, however, the Supreme Court declined to extend the reasoning of *Gilbert* to include pre-indictment lineups.  *Kirby v. Illinois*, 406 U.S. 682, 690 (1972).

In *McGee v. Estelle* the Fifth Circuit declined to hold that a pre-trial lineup commenced the adversarial process.   *McGee v. Estelle*, 625 F.2d 1206, 1208 (5th Cir. 1980).  In *McGee*, the lineup at issue occurred two months before the indictment was returned and the prosecution was not involved.  *Id.*  The Fifth Circuit, in line with Supreme Court precedent, declined to find that the adversarial process commenced prior to an indictment when the prosecution is not aware of the charges or arrest.  *Id.*

Similarly in this case, the record proves that the lineup in which Petitioner was identified took place on October 31, 1990 and an indictment was not returned until December 20, 1990. (Rec. Doc. 33 at 41). Petitioner was not entitled to have counsel present at this lineup as the indictment was returned well after the lineup took place. (Rec. Doc. 33 at 41); *See Kirby*, 406 U.S. at 690. This claim lacks merit and Petitioner is not entitled to relief.

New Orleans, Louisiana, this 20th day of September, 2011.

UNITED STATES DISTRICT JUDGE

-16-